## GEORGE H. LELAND *v.* VOLNEY C. HODGMAN.*

[ IN CHANCERY. ]

*Contract. Performance.*

Orator bought of defendant certain livery property, and gave his promissory notes in
part payment therefor. Being unable to pay the notes as they fell due, he agreed
with defendant to surrender to him in payment thereof certain of the property,
and give him his promissory note, secured by mortgage on land in Minnesota, or
by the name of a good signer, or, otherwise, pay the amount of the note. The
note and mortgage were executed and delivered, and the original notes placed, by
agreement, in the hands of defendant's attorney to await the result of an examin-
ation of the title to the Minnesota land. Defendant then received payment of the
note of settlement, and received such of the property as orator claimed he was to
have under the agreement. Defendant claimed he was to have also certain other
of the livery property, and possession of the stable, and, as orator did not yield
them, he sought to apply the avails of the settlement note and of the property that
he had received, on the original notes, and to recover the balance by action at law.
Orator then filed his bill, praying that defendant might be enjoined from prosecut-
ing or negotiating the original notes, and that they might be delivered up to be
cancelled. *Held,* that by taking the benefit of the contract of settlement defend-
ant bound himself to fulfillment on his part ; that the note having been paid, the
title to the Minnesota land was immaterial ; that orator was therefore entitled to
the relief prayed for ; and that if orator had not fulfilled the contract on his part,
defendant had his remedy at law thereon.

APPEAL from the Court of Chancery.

The bill alleged that on January 6, 1874, the orator bought
conditionally of the defendant certain livery property for $3,000,
of which he paid $500 down, and for the balance of which he
gave his five promissory notes for $500 each, payable one on April
1, then next, and one every six months thereafter, and secured by
lien on the property then conveyed ; that the orator paid the first
note at maturity and a part of the second, but did not pay the
third ; that after default in payment of the third note, the defend-
ant called on the orator for payment or further security, and
told him that if he did not pay or give such security he should,

take possession of the property; that on May 26, 1875, it was agreed that the defendant, in payment of the orator's indebtedness, should take the property then in the orator's possession whereon the defendant had a lien, and the orator's note for $500, payable April 1, 1876, secured by a mortgage on certain land in Minnesota, if the orator's title thereto should turn out to be good or otherwise by the name of a good signer, and should leave the original unpaid notes in the hands of his attorney pending the inquiry as to the title to the Minnesota land; that it was also agreed that if the orator could not give such security for the payment of the note, the defendant should receive payment thereon; that the note and mortgage were accordingly executed and delivered to the defendant, and the original notes placed in the hands of the defendant's attorney, as agreed; that on May 31, the defendant, not regarding said agreement, brought an action in assumpsit on the orator's original indebtedness, and caused such of the orator's personal property as he could find to be attached therein, and threatened to attach other property if he could find it, and to prosecute said action to final judgment; that the orator believed the defendant intended to procure said original notes from his attorney, and transfer such of them as were not due to some innocent party, and so compel the orator to pay them again; that the orator's title to the Minnesota land was good, and that, if it were not, the orator would procure a good signer to his note of May 26, or would pay it. *Prayer*, that the defendant be restrained from commencing or prosecuting any suit for the collection of the original notes, and from making any transfer of them, and for general relief.

The answer admitted the allegations of the bill, but alleged that before the alleged agreement of May 26 was made, the orator, having exchanged a part of the property on which the defendant had a lien for other property, with the defendant's consent, had agreed that the property acquired by such exchange should be substituted in place of the property given therefor, as security for the orator's indebtedness; that it was agreed on May 26 that the orator should surrender the property acquired by such exchange, as well as what defendant sold him, and the possession of

the stable; that on May 27, the defendant applied to the orator for possession of the property, when the orator denied that he had agreed to give up the substituted property, and refused to yield possession; that on May 31, the defendant brought action, and attached other property as alleged; that he then left the orator's note of May 26 at the orator's house with the orator's wife, and that it came to the orator's possession; and that a day or two after the action was brought the orator brought part of the property that was covered by the lien to the defendant, and notified him that he could have the rest of it by calling for it.

The answer was traversed and testimony taken.

At the December Term, 1877, the court, BARRETT, Chancellor, found that the original notes were settled by the agreement of May 26, in pursuance of which the defendant had taken possession of some or all of the property, and received the note of that date, and the pay thereon; that the only remaining question was whether the orator had delivered to the defendant all the property that by that agreement was to be delivered; that that question did not enter into the cause at issue. It was accordingly ordered that the defendant be perpetually enjoined; that the notes be cancelled and given up to the orator; and that the orator recover his costs.

Appeal by the defendant.

*J. B. Farnsworth*, for the defendant.

The agreement of May 26 was fraudulent, the orator having surreptitiously taken away a part of the property that he pretended to reconvey to the defendant.

The orator rescinded that agreement by refusing to deliver that property.

*W. C. French*, for the orator.

Acceptance of payment of the note of May 26 must be considered a ratification of the agreement by the defendant. The orator must therefore be entitled to the relief sought.

The opinion of the court was delivered by

Ross, J. The defendant admits the making of the contract of May 26, 1875, whereby the notes given by the orator for the livery property were to be surrendered and cancelled. He also admits that he has received the money on the $500 note given him by the orator on that occasion, and that he has received back so much of the livery stock as the orator claims was to be delivered back under that contract, but claims that the contract required that the orator should have delivered other property, called the " substituted property " and the possession of the stable, and because of the orator's failure to comply with the contract of May 26, 1875, as he the defendant claims it, he can hold the alvais of the $500 note, and the avails of the property re-delivered, and apply them in part payment of the notes originally given him by the orator for the livery property, and prosecute his suit at law founded on those notes. The controversy between the parties is not in regard to what the contract of May 26 is, but in regard to what property the orator was to re-deliver to the defendant by the terms of that contract; that is, on what property the defendant had a lien, when that contract was made, or whether what is called the substituted property had been substituted in the place of property sold by the orator from the livery stock which he purchased of the defendant. The decision of this question, we think, is immaterial to the determination of the orator's right to maintain this bill. By taking and retaining the benefits of the contract of May 26, 1875, especially, by taking and retaining the money on the five-hundred-dollar note given on that occasion, and thereby holding the orator to the fulfillment of that contract, the defendant binds himself to the fulfillment of the contract on his part. He cannot hold the orator bound, and not be bound thereby himself. If one party to a contract is bound to its fulfillment, both are. If the orator practiced such fraud in making the contract of May 26, or so refused to deliver the property soon after the contract was made, as would have justified the defendant in treating it a nullity, he did not so treat it. He received back what of the livery property the orator claims was covered by the contract, and retained the five-hundred-dollar note, and took the

money in payment of it. At the time the orator delivered him back the property at the defendant's house, he did not notify the orator that he received it on his lien retained at the time he sold the property to the orator, but received it under such circumstances that the orator had the right to understand that he received it on the contract of May 26. By the terms of the last contract the four five-hundred-dollar notes given for the original purchase of the property were to be surrendered and cancelled as soon as defendant ascertained that the title to the premises mortgaged to secure the payment of the five-hundred-dollar note of May 26, was in the orator, free from incumbrance, or, as soon as the orator should obtain a good signer to the note, or pay the note. The note has been paid to the defendant. Hence, it is immaterial whether the orator's title to the Minnesota land was free from incumbrance. By receiving the money on the note, all objections to the orator's title were cured. By the terms of the contract the four five-hundred-dollar notes were cancelled when the defendant received payment of the five-hundred-dollar note of May 26. Hence, the defendant could not apply the money received on the last-named note in part payment of the four original notes, as they were cancelled thereby. No more could the defendant apply the avails from the property he received back on the four cancelled notes. The defendant's right to hold the four original notes, as well as his right to maintain an action thereon, was gone, and the right of the orator to have the action on those notes enjoined, and to have the notes themselves delivered up, complete. If the defendant has not received back all the property he should by the terms of the contract of May 26, he has a right of action on that contract against the orator. Whether the orator has fulfilled that contract, we do not attempt to determine, as its determination is not necessary to the determination of the orator's right to maintain this bill. The decree of the Court of Chancery does not preclude the defendant from pursuing the orator for any breach of the contract of May 26. We find no error in that decree, and the same is affirmed, and the cause remanded.